JESSUP BLAIR, Respondent, v. JAMES SHERRY, Appellant.

No. 2848; July 9, 1872.

San Francisco—Compromise of Claims to Real Estate.—The purpose of the legislative "Act to authorize the commissioners of the funded debt of the city of San Francisco to compromise claims to real estate and to convey such real estate pursuant thereto" was to make good certain doubtful titles, and it was to have effect only in favor of persons who, by themselves, their tenants, or their grantors, had held actual possession of the parcels of land claimed by them from a time prior to the first day of January, 1855.

San Francisco—Compromise of Claims to Real Estate.—A person invoking the benefit of the legislative "Act to authorize the commissioners of the funded debt of the city of San Francisco to compromise claims to real estate and to convey such real estate pursuant thereto" was required to state the fact of his possession in his petition and establish it by testimony before the commissioners, and it was recited in the deed, after which the deed became prima facie evidence of the truth of the recitals in it.

San Francisco—Compromise of Claims to Real Estate.—The prima facie character, as evidence, of a deed from the commissioners under the legislative "Act to authorize the commissioners of the funded debt of the city of San Francisco to compromise claims to real estate and to convey such real estate pursuant thereto," may be met and overcome by testimony.

APPEAL from Fourth Judicial District, San Francisco County.

Winans & Belknap for respondent; N. Bennett and J. W. Thorne for appellant.

BELCHER, J.—This is an action of ejectment to recover the possession of a lot in the city of San Francisco.

The plaintiffs claim title to the demanded premises under a deed executed to them in pursuance of the provisions of the act of April 14, 1862, entitled "An act to authorize the commissioners of the funded debt of the city of San Francisco to compromise and settle certain claims to real estate, and to convey such real estate pursuant thereto."

By the terms of that act persons claiming its benefits were required to present a petition to the commissioners of the funded debt, setting forth, among other things, that they, by themselves, their tenants or the persons through whom they claim or derive possession, have been from and including the first day of January, 1855, and still are in the actual possession of the land for which they ask a grant. The commissioners were then required to take testimony as to the matters alleged in the petition, and upon its completion, if in their judgment the claim was well founded, to enter an order in their minutes adjudging and awarding to the petitioner a grant of the land petitioned for.

Upon the award becoming final, after notice published and payments made, as in the act provided, the commissioners were to execute a deed to the petitioner, conveying to him, his heirs and assigns, all of the interest of the city and county of San Francisco, and of the commissioners of the funded debt in and to such land.

The act then provides: "Such deed of conveyance shall contain recitals showing that the same was executed under the provisions of this act, and when the same shall contain recitals showing that all the provisions of this act have been regularly complied with, such deed of conveyance shall be deemed prima facie evidence of such facts so recited. . . . . No conveyance of any such land, made as hereinbefore provided, shall be deemed to conclude the rights of third persons; but such third persons may have their action in the premises to deter-

mine alleged interest in such lands against such grantee, his heirs and assigns, to which they may deem themselves entitled, either in law or equity."

The deed to the plaintiffs contained all the recitals, contemplated in the act, and among others a recital of the presentation of "their petition in due form to said parties of the first part, commissioners as aforesaid, claiming and alleging that the said parties of the second part, by themselves and their tenants and those under whom they derive possession, have been from and including the first day of January, A. D. 1855, and still are in the actual possession of the premises hereinafter described."

At the trial the plaintiffs offered their deed in evidence without further proof as to the facts therein recited.

When the plaintiffs rested the defendants offered to prove "that neither the plaintiffs nor any of them, nor their predecessors, grantors, nor persons from whom they claim or derive title, or any of them, were ever in possession of the lot in controversy, or of any part thereof, either actually or constructively, that they had no such possession on or previous to the first day of January, 1855, or at any time between that date and the twentieth day of June, 1855, or since; that one John Rowland, in the year 1854, took actual possession of this lot in controversy, built a house upon it, and inclosed it with a good and substantial fence; that afterward, in the year 1854, he sold and transferred his possession of this house and lot to James Sherry, one of the defendants in this suit, for a valuable consideration, to wit, several hundred dollars paid to said Rowland; that Sherry, immediately upon the purchase, took possession of the said house and lot, and went there to reside, that he resided upon and had the actual possession of this lot on the first day of January, 1855, and so continued down to and including the twentieth day of June, 1855, and that said Sherry, by himself and his tenants, has occupied and possessed said house and lot from that time down to the present, and that during all that time the said Sherry has had actual, positive, notorious, undisturbed and peaceable possession of this whole lot. That such possession of the said premises was so held by said Sherry at the time of said plaintiff's making application to the commissioners of the funded debt of the city of San Francisco, at the time of filing the petition,

and during the proceedings taken and had by the commissioners, and at the time of the execution of the commissioners' deed to these plaintiffs, and during, down to and through the entire proceedings, from the time of the presentation of the petition to the said commissioners to the execution of their deed, and from thence till now.''

The plaintiffs objected to the testimony as irrelevant and immaterial, and tending to impeach and contradict collaterally the fund commissioners' deed to them. The court sustained the objection and excluded the testimony.

In this we think the court erred. The purpose of the act, as declared in its preamble, was to make good certain doubtful titles claimed under the Van Ness ordinance and the act of 1858 confirming that ordinance. It was to have effect only in favor of those persons who, by themselves, their tenants, or their grantors, had held the actual possession of the parcels of land claimed by them from a time prior to the first day of January, 1855. This fact of possession was to be stated in the petition, established by testimony before the commissioners, and recited in the deed. All this being done, the deed became prima facie evidence of the truth of the facts recited. This prima facie evidence, however, may be met and overcome by opposing testimony. And we think it may be done in this action as well as in a new action commenced by the defendant for that purpose. If the facts set forth in defendants' answer be true, then he is one of the third persons named in the act, whose rights are not concluded by the conveyance to the plaintiffs.

Judgment and order reversed and cause remanded.

We concur: Niles, J.; Wallace, C. J.; Rhodes, J.; Crockett, J.